In the Matter of WILLIAM E. KARAMITIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 8, 1993

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*John S. McBride,* Goshen, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with six allegations of professional misconduct. Charge One alleges that the respondent was guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by converting funds entrusted to him to be held in escrow. In or about March 1988, the respondent represented clients in the sale of their house for $96,000. The purchaser's attorney forwarded the executed contracts and the $9,600 down payment to the respondent to be held in escrow pending the closing. The funds were deposited on April 15, 1988, into the respondent's account entitled "William Karamitis, Attorney, Special Account".

The contract of sale was contingent upon a satisfactory engineer's report and a dispute arose as to whether major repairs specified in the report were necessary. Based on the engineer's report, the purchaser requested the return of her down payment, but the sellers refused to authorize the respondent to release the funds. The parties resolved the matter in April 1990, wherein the purchaser agreed to accept $9,100 as payment in full and a check dated April 26, 1990 in that amount was forwarded to the seller's new attorney.

The bank records of the respondent's special account, between April 1988, when the purchaser's down payment was deposited, and April 1990, when the matter was settled, reflect that the balance in the account fell below the required amount of $9,600 on numerous occasions as a result of the respondent having converted escrow funds entrusted to him. On the following dates, the balance in the respondent's special account was as follows:

| | |
|---|---|
| August 24, 1988 | $1,393,83 |
| September 9, 1988 | $1,129.39 |
| February 16, 1989 | $3,883.77 |
| March 6, 1989 | $3,525.51 |
| May 10, 1989 | $2,159.50 |
| November 10, 1989 | $ -252.85 |
| November 13, 1989 | $ -555.60 |
| December 4, 1989 | $2,868.65 |
| January 10, 1990 | $1,274.82 |
| March 1, 1990 | $4,905.17. |

Charge Two alleges that the respondent was guilty of neglecting a legal matter entrusted to him. In or about 1985, a

client of the respondent's was involved in a mortgage foreclosure proceeding as a second mortgagee. The client sold the mortgage to a third party and after the property was sold, surplus moneys were involved. The third party then retained the respondent to represent him in the surplus money proceeding. The respondent has admitted in sworn testimony before counsel for the Grievance Committee on June 14, 1990, that as of that date, a period of five years, the matter had not been concluded as a result of his having neglected a legal matter entrusted to him.

Charge Three alleges that the respondent was guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by converting funds entrusted to him to be held in escrow. On July 10, 1985, the respondent issued his client a check from his special account in the amount of $26,971.82 to resolve the surplus money matter. At the time the check was issued, the surplus money matter had, in fact, not been resolved and the funds to cover this check were moneys being held in escrow by the respondent for other clients.

Charge Four alleges that the respondent was guilty of engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation by converting funds entrusted to him to be held in escrow. The respondent kept on deposit in his special account, approximately $17,000 in fees to offset the $26,971.82 payment made to his client in the surplus money matter from escrow funds being held for other clients. Thus, checks issued by the respondent from his special account after July 10, 1985, resulted in additional conversions of escrow funds entrusted to him.

Charge Five alleges that the respondent was guilty of engaging in conduct that adversely reflects on his fitness to practice law by failing to maintain a duly constituted escrow account and of commingling funds. The respondent had admitted in his sworn testimony on June 14, 1990, that he has left on deposit in his special account approximately $17,000 in fees which were due him in order to offset the $26,971.82 check issued to his client in July 1985 from escrow funds being held for other clients.

Charge Six alleges that the respondent was guilty of engaging in conduct that adversely reflects on his fitness to practice law. The respondent has admitted in his sworn testimony before counsel for the petitioner on June 14, 1990, that he has

failed to maintain a record of all deposits in and withdrawals from his special account.

The Special Referee sustained Charges One, Two, Three, Five and Six but did not sustain Charge Four. The petitioner moves to confirm in part and to disaffirm in part the report of the Special Referee.

After reviewing the evidence, we find that the Special Referee properly sustained Charges One, Two, Three, Five, and Six. We disagree with the report insofar as it failed to sustain Charge Four. We find the evidence sufficient to sustain Charge Four. It is conceded by the respondent that after July 10, 1985, there was a $26,971.82 shortfall in his escrow account and that additional checks were issued after July 10, 1985. This issuance of checks resulted in additional conversion. Accordingly, the petitioner's motion to confirm in part and to disaffirm in part the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigation advanced by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct, in that he has converted and commingled funds and neglected a legal matter. Accordingly, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William E. Karamitis, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, William E. Karamitis, is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any

court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.